**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---------------------------------------------------------------
                                                          :
                                                          :
KRAFT FOODS GROUP BRANDS LLC,             :
                                                          :          Civil Action No.: _____
                        Plaintiff,                      :
                                                          :
            --against --                              :          COMPLAINT FOR
                                                          :          DECLARATORY JUDGMENT
                                                          :
CRACKER BARREL OLD COUNTRY    :
STORE, INC., CBOCS PROPERTIES, INC., and   :
JOHN DOES 1-10, persons or entities whose   :
present identities are unknown,              :
                                                          :
                        Defendants.                 :
---------------------------------------------------------------

          Plaintiff Kraft Foods Group Brands LLC, by its attorneys, Fross Zelnick Lehrman &

Zissu, P.C. and Jenner & Block, for their complaint against defendants Cracker Barrel Old

Country Store, Inc., CBOCS Properties, Inc. (collectively with Cracker Barrel Old Country

Store, Inc. "CBOCS") and John Does 1-10 (collectively with CBOCS, "Defendants"), allege as

follows.

### NATURE OF THE ACTION

          1.          Plaintiff Kraft Foods Group Brands LLC and its predecessors and affiliates

(collectively hereinafter, "Kraft") has been producing and selling CRACKER BARREL brand

cheese in supermarkets, grocery stores, big-box stores and other food retail stores throughout the

United States for almost 60 years.  CRACKER BARREL not only is a grocery store staple, but

also an award-winning cheese.  The combination of quality and convenience is a hallmark of

Kraft's CRACKER BARREL brand. Consumers who see CRACKER BARREL brand cheese at their grocers know that the product comes from Kraft and know that the product is of the highest quality. Indeed, since 1954, the only CRACKER BARREL brand products offered at grocery and similar stores have come exclusively from Kraft or have been licensed by Kraft.

2.      Defendants have announced plans to enter into Kraft's retail channels selling bacon, ham and similar products under the identical mark CRACKER BARREL to Kraft's very consumers. Defendants' actions threaten to destroy the substantial goodwill that Kraft has created in its CRACKER BARREL trademark, and to create significant confusion and cannot be permitted.

3.      Prior to CBOCS' announcements, CBOCS was using the CRACKER BARREL mark, shown below, for their restaurant and country store chain.



Each of CBOCS' CRACKER BARREL locations consists of a restaurant and an annexed country store, where CBOCS sells a variety of gift merchandise and some limited food items such as mixes, candies, sauces, preserves and syrups. CBOCS' sales of such food items account for less than 4% of CBOCS' revenues, and the vast majority of those food products do not bear the CRACKER BARREL mark. Upon information and belief, CBOCS has never sold any products under the CRACKER BARREL mark through any trade channels other than its restaurants / country stores and Internet website, including through supermarkets, big-box stores or any other third party food outlets or retail channels, and CBOCS has never made significant sales of refrigerated foods such as meat products under the CRACKER BARREL mark in any

2

channel of trade, other than as items on their restaurant menus. In essence, CBOCS maintained a distance from Kraft both with respect to goods sold and channels of trade used.

4.     After more than four decades of the status quo, CBOCS on November 13, 2012 publicly announced that CBOCS and prominent food retailer John Morrell Food Group (a unit of Smithfield Foods) ("John Morrell") have entered into "a multi-year licensing agreement" that "will bring [CRACKER BARREL branded] products consistent with the Cracker Barrel experience such as ham, bacon, assorted lunch meats, glazes, jerky and summer sausage to a wide range of retail outlets including grocery and club stores and mass merchandisers," thereby extending the brand "beyond [CBOCS'] physical stores." Through this announcement, CBOCS has made clear its intent to encroach upon both Kraft's business and trade channels to sell, for the first time, ready-to-eat food products that are complementary to cheese under the CRACKER BARREL mark. And by licensing John Morrell, a well-established distributor of numerous food brands across the United States, CBOCS is ensured not only of broad retail penetration, but also of sales at the very stores that sell Kraft's CRACKER BARREL cheese. The parties' market separation that has existed for decades will be eliminated.

5.     Given CBOCS' sudden announcement that it intends to enter into Kraft's trade channels, and because CBOCS' new, licensed food products under the CRACKER BARREL mark are highly related to Kraft's cheese products under the identical CRACKER BARREL mark, extensive consumer confusion not only is likely, it is inevitable.

6.     In view of CBOCS' consummated license agreement with John Morrell and its public announcement of the licensing arrangement, CBOCS' anticipated expansion of its use of the CRACKER BARREL mark will occur absent court intervention. Accordingly, Kraft files this Complaint seeking a judicial declaration that any use of the CRACKER BARREL mark by

CBOCS and/or their licensee(s) in connection with food products sold through third party retail food channels would constitute infringement of Kraft's registered CRACKER BARREL mark under Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); and unfair competition and unfair business practices in violation of the state and common laws of the State of Illinois, including Uniform Deceptive Trade Practices Act, 815 ILCS § 510. Kraft requests that Defendants be enjoined from using or licensing use of the CRACKER BARREL mark for food products sold outside of CBOCS' own restaurants / country stores or website.

**PARTIES**

7.      Plaintiff Kraft Foods Group Brands, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at Three Lakes Drive, Northfield, IL 60093. Kraft Foods Group Brands, LLC is the owner of the CRACKER BARREL brand and trademark and through its predecessors and affiliates has been selling CRACKER BARREL cheese products since at least as early as 1954. CRACKER BARREL cheese is sold in hundreds of stores in this state, including in this district in Cub Foods, Dierbergs Market, Dominicks Finer Foods, Jewel Osco, Meijer Supermarkets, Shop N Save, Kmart and Target among others.

8.      Upon information and belief, defendant Cracker Barrel Old Country Store, Inc. owns and operates more than 620 CRACKER BARREL restaurants / country stores in 42 states, including at least 14 restaurants / country stores in the State of Illinois and 4 restaurants / country stores in this district. Upon further information and belief, Cracker Barrel Old Country Store, Inc. is a Tennessee corporation with a principal business address of 305 Hartmann Drive, Lebanon, Tennessee 37087.

9.     Upon information and belief, defendant CBOCS Properties is affiliated with Cracker Barrel Old Country Store, Inc., and is the owner of the CRACKER BARREL trademarks used by Cracker Barrel Old Country Store, Inc. in this district, including the marks licensed to John Morrell.  Upon further information and belief, CBOCS Properties, Inc. is a Michigan Corporation with a principal business address of 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

10.     John Does 1-10 represent fictitious names for companies and individuals presently unknown that worked along with, in concert with, or independent from the named defendants identified above.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction over the subject matter of this action pursuant to § 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121,  § 2201 of the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  The Court has supplemental jurisdiction over the state law claims under § 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

12.     The Court has personal jurisdiction over the corporate Defendants under 735 ILCS § 5/2-209(a)(1) because said Defendants are (i) transacting business in this state that concerns or relates to the use of the CRACKER BARREL mark in this state and in this district, (ii) operating or licensing the operation of CRACKER BARREL restaurants / country stores in this district, (iii) allowing residents in this district to purchase products from the Cracker Barrel website, and (iv) licensing the CRACKER BARREL mark to John Morrell who distributes grocery items to retail food stores in this district, including at Dominick's and Meijer.  Further,

pursuant to 735 ILCS 5/2-209(b)(4), personal jurisdiction is appropriate because both corporate Defendants are companies doing business within this state.

13. Venue arises under 28 U.S.C. §§1391(c) and (d) because the corporate Defendants are deemed to reside in this judicial district, which has personal jurisdiction over them for purposes of this Civil Action as established in Paragraph 12 above.

14. This Court is authorized to enter the declaratory relief sought in this Complaint because an actual case and controversy is presented and is within this Court's jurisdiction, as set forth in Paragraph 11 above.

## FACTS COMMON TO ALL COUNTS

**A.    Kraft's CRACKER BARREL Products and Trademark**

15. Kraft is one of the world's largest food products companies providing goods under some of the most iconic food brands, including the famous CRACKER BARREL mark used for cheese products. Currently, Kraft offers more than twenty (20) different CRACKER BARREL cheese products, including varieties such as Aged Reserve, Sharp (original, white), Extra Sharp (original, white, 2% milk), Vermont Sharp (white, 2% milk), Baby Swiss, Jalapeno, Marbled Sharp, Cracked Black Pepper and Mediterranean Herb. Kraft also offers its CRACKER BARREL cheese products in a variety of forms, including blocks, bars, slices and cracker cuts. Kraft's CRACKER BARREL cheese is intended as a snacking and cooking cheese.

16.     Kraft introduced the original CRACKER BARREL cheddar cheese in the United States in 1954, offering four varieties for sale in supermarkets and retail stores throughout the country.  Named for the fixture found in most country stores, including the store where JL Kraft started his career, the brand has a nostalgic feel.

17.     The brand has expanded from the U.S. to Canada, the U.K. and Australia.  The brand also has expanded its offerings from the original four products to the current 20 to meet regional tastes and the needs of consumers.

18.     Standing the test of time, over the last 6 decades, Kraft has sold more than one billion dollars of cheese products under the CRACKER BARREL mark, which products are now offered for sale in thousands of supermarkets, grocery stores, big-box stores, convenience stores and other retail locations (hereinafter "Retail Food Channels") in all 50 states, including national chains such as WalMart, Target, Kroger, Meijer, Safeway, Ahold, ShopRite, and Pathmark.

19.     So popular is the brand that the mark has been licensed to Frito Lay which sold CRACKER BARREL sharp cheddar flavored potato chips and pretzels.  The packaging featured both the CRACKER BARREL mark and a depiction of the iconic CRACKER BARREL cheese block.

20.     Throughout their long history, the renown and popularity of CRACKER BARREL cheese products have endured in the United States.  As recently as 2012, consumer surveys have shown that the CRACKER BARREL brand enjoys an 85% aided awareness rate nationally (93% in the Eastern states), and that consumers view the brand as being of above average to extremely high quality.  These views are reflected in the ongoing success of the CRACKER BARREL brand, which has had yearly sales since 2000 of over $100 million per year.

21.     Known for their rich, full flavor, CRACKER BARREL cheese products won 17 gold medals at the New York State Fair from 1959 to 1987, 14 first-place honors at cheese competitions across the United States in 1991 alone, and *hundreds* of international, national, state and local awards since 1992.  By way of some recent examples, CRACKER BARREL cheese won the following awards in 2011 and 2012 alone:

| Place | Award | CRACKER BARREL Product |
|---|---|---|
| 1st | 2102 World Dairy Expo | 2% Extra Sharp (Yellow) |
| 1st | 2012 World Championship Cheese Contest | Aged Reserve |
| 2nd | 2012 World Championship Cheese Contest | 2% Extra Sharp (Yellow) |
| 2nd | 2012 World Cheese Awards | Aged Reserve |
| 3rd | 2012 World Cheese Awards | Extra Sharp (Colored) |
| 1st | 2012 American Cheese Society | Sharp Cheddar (Colored) |
| 2nd | 2012 American Cheese Society | 2% Extra Sharp (Yellow) |
| 3rd | 2012 American Cheese Society | Limited Edition White Cheddar |
| 3rd | 2011 U.S. Championship Cheese Contest | Extra Sharp (White and Yellow) |
| 3rd | 2011 U.S. Championship Cheese Contest | Cracked Black Pepper |

22.     CRACKER BARREL cheese is a unique product.  It is an award winning cheese that is readily available in the dairy case of Retail Food Channels throughout the country as opposed to specialty cheese shops.  As such, it has extremely broad exposure as well as a very broad purchaser base.

23.     Because of the overwhelming success and appeal of CRACKER BARREL cheese products, and Kraft's exclusive use of the CRACKER BARREL mark in connection not only with cheese products but in fact *any* products sold in Retail Food Channels, the CRACKER BARREL mark has acquired enormous value and has become extremely well known to the consuming public and to the trade as identifying and distinguishing Kraft exclusively and

uniquely as the source of food products sold under the CRACKER BARREL mark through such trade channels. Due to the public acceptance, fame and great recognition of the CRACKER BARREL mark, the mark has come to represent an enormous amount of goodwill for Kraft.

24.     In addition to the common law rights in the CRACKER BARREL mark owned by Kraft as a result of its use of the mark for close to 60 years, Kraft is the owner of U.S. Registration No. 643,012 for the CRACKER BARREL mark in connection with "cheese." This registration, which issued on March 19, 1957, is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and serves as conclusive evidence of Kraft's ownership of the CRACKER BARREL mark and of its exclusive right to use the mark in connection with cheese products and related products, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b). A printout from the official database of the United States Patent and Trademark Office showing status and title of the registration is attached as Exhibit A.

25.     The CRACKER BARREL mark is vital to Kraft and Kraft will suffer irreparable harm if Defendants are permitted to use or license use of the CRACKER BARREL marks in connection with food products sold through Retail Food Channels as such use would falsely suggest to consumers a connection with Kraft and its CRACKER BARREL cheese products. Further, the public will be misled and confused.

**B.     CBOCS' Restaurants and Country Stores**

26.     CBOCS' predecessors opened the first Cracker Barrel Old Country Store restaurant in 1969 in Lebanon, Tennessee. The concept of the Cracker Barrel Old Country Store restaurant – dubbed CRACKER BARREL for short -- has been the same since the opening of its first location, namely a free-standing restaurant with an "old country-store design offering a full-service restaurant menu featuring home-style country food and wide variety of decorative and

9

functional items featuring rocking chairs, holiday and seasonal gifts and toys, apparel, cookware and foods."[1]

27.      Each CRACKER BARREL restaurant consists of a restaurant / dining area and an annexed "country store," which sells a variety of gift items and limited edible items, such as candies, jams, syrups and baking mixes.  Upon information and belief, the restaurants account for 80% of CBOCS' revenues, and country store retail sales account for the other 20% of revenues.  Food products sold at CBOCS' country stores, only a small portion of which actually bear the CRACKER BARREL Marks, comprise less than 4% of CBOCS' total revenues.

28.      While CBOCS has expanded the number of CRACKER BARREL restaurants / country stores, it has never before encroached on Kraft's trade channels by offering any goods or services to consumers outside its restaurant / country store locations and its Internet website nor has it ever before expanded into refrigerated grocery items (other than as part of the restaurant menu).  Instead, for over forty years the parties have maintained distinct businesses and distinct trade channels.  Indeed, CBOCS represented to Kraft that its intention in using the CRACKER BARREL name was to provide motorists with "a relaxing and interesting break from driving…."

**C.      Defendants' Unlawful License to Use the CRACKER BARREL Mark**

29.      That forty year status quo changed on or around November 13, 2012, when CBOCS issued a press release announcing that CBOCS and prominent food retailer John Morrell had entered into a multi-year licensing agreement (the "License Agreement") that "will bring [CRACKER BARREL branded] products consistent with the Cracker Barrel experience such as ham, bacon, assorted lunch meats, glazes, jerky and summer sausage to a wide range of retail

---

[1] Quote and statistical data concerning CRACKER BARREL restaurants derive from CBOCS' 2012 Form 10-K.

outlets including grocery and club stores and mass merchandisers," thereby extending the brand "beyond [CBOCS'] physical stores." A copy of the press release is attached as Exhibit B.

30. Upon information and belief, John Morrell is a well-known seller of meat products, such as pork, ham, bacon, sausage, lunchmeats and hot dogs, sold under numerous national and regional brand names including John Morrell, Armour, Healthy Ones, Margherita and Eckrich to name a few. On information and belief, John Morrell has a well-established chain of distribution for its brands, which includes many prominent Retail Food Channels that overlap directly with Kraft's trade channels for its CRACKER BARREL cheese products. By way of example only, upon information and belief, CRACKER BARREL cheese products and John Morrell distributed meat products are offered for sale in WalMart, Kroger, Supervalu, Meijer, Food Lion, Safeway and Ahold.

31. Upon information and belief, CBOCS' licensing plans with John Morrell are well underway. Not only have they entered into the License Agreement, but also shortly before CBOCS' announcement of the License Agreement, in October 2012, defendant CBOCS Properties filed in excess of 20 "intent-to-use" applications under Section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b) to register the CRACKER BARREL mark in connection with all such food products (the "CBOCS Applications").

32. Based on the unequivocal statements set forth in CBOCS' press release, the statements made by CBOCS' (a public company) CEO Sandy Cochran during an investor call on November 29, 2012 describing CBOCS' plans under the License Agreement with John Morrell, CBOCS' statement in its 10-Q Quarterly Report filed with the SEC on November 29, 2012 that one of its priorities for 2013 is to expand the brand through licensing, and the nationwide media coverage of the license arrangement between CBOCS and John Morrell, it is clear that the

CRACKER BARREL mark will be used by Defendants in connection with food products sold outside CBOCS' own restaurants and stores.  Indeed, given the goal of CBOCS to increase the presence of the CRACKER BARREL brand outside its existing trade channels, the goods identified in the CBOCS Applications and the nature of John Morrell's existing business and established food product distribution channels, it is evident that Defendants will be using the CRACKER BARREL mark in connection with luncheon meats, bacon and related food products (the "Licensed Goods") sold in the very Retail Food Channels through which Kraft has been selling its CRACKER BARREL cheese products for close to 60 years.

33.     Because CBOCS has never offered for sale any products under the CRACKER BARREL mark in Retail Food Channels or anywhere outside its CRACKER BARREL restaurants/country stores and website, CBOCS has established no rights in the CRACKER BARREL mark for use in connection with such retail sales and no consumer recognition in the mark in Retail Food Channels.  By contrast, Kraft's use of the CRACKER BARREL mark in connection with cheese products sold through Retail Food Channels for close to 60 years and the licensed use of the CRACKER BARREL mark for grocery items sold through Retail Food Channels creates strong and exclusive rights in the CRACKER BARREL mark in such trade channels and has led to consumer association of CRACKER BARREL branded products sold at third party retailers exclusively with Kraft.

34.     Defendants' sudden encroachment on Kraft's rights by the use and/or licensing for use of the CRACKER BARREL mark in connection with the Licensed Products, which are highly related and in fact complementary to Kraft's cheese products sold under the CRACKER BARREL mark, to be sold in Retail Food Channels that are identical to the channels of trade through which Kraft's CRACKER BARREL cheese products have long been sold, will

inevitably cause consumers and retailers to mistakenly believe that the Licensed Products under the CRACKER BARREL mark are offered for sale by Kraft, that they are related or connected to Kraft's CRACKER BARREL cheese brand, or that they are licensed by Kraft, consistent with Kraft's prior licensing history.

35.     The possibility that Defendants may use the CRACKER BARREL mark only in the logo shown in Paragraph 3 above in connection with the Licensed Products will not alleviate the harm to Kraft or consumer confusion.  By expanding use of the CRACKER BARREL mark to goods that are highly related and complementary to Kraft's CRACKER BARREL cheese products and offering those goods in Kraft's very trade channels for its CRACKER BARREL cheese products, Defendants will greatly exacerbate consumer confusion.  The added indicia of the CRACKER BARREL logo and phrase "Old Country Store" do not and would not sufficiently distinguish Defendants' CRACKER BARREL mark when used on the Licensed Goods in Retail Food Channels from Kraft's CRACKER BARREL mark used on goods sold in Retail Food Channels.  Defendants' products will be identified and referred to as CRACKER BARREL products, the very trademark of Kraft.

36.     CBOCS' decision to expand its limited food products under the CRACKER BARREL Marks to include the Licensed Products, CBOCS' decision to expand its trade channels to include Retail Food Channels that are identical to the retail channels through which Kraft has sold its CRACKER BARREL cheese products for many decades, and CBOCS' decision to market and sell CRACKER BARREL branded grocery products were made with full knowledge of Kraft's prior use of and rights in the CRACKER BARREL trademark and Kraft's exclusive use of the CRACKER BARREL mark in Retail Food Channels.

37.     By entering into the License Agreement, CBOCS has acted and is acting in willful disregard of the laws protecting Kraft's rights in the CRACKER BARREL trademark, is knowingly encroaching on Kraft's rights, and is engaging in a course of conduct that is intended to and will confuse and deceive the consuming public and the public at large concerning the source and sponsorship of the Licensed Products bearing the CRACKER BARREL Marks.

38.     Defendants' planned activities under the CRACKER BARREL mark as evidenced by CBOCS' announcement of the License Agreement, if not declared unlawful and enjoined, are likely to cause massive consumer confusion and to injure Kraft's goodwill and reputation and unfairly and unlawfully wrest from Kraft control over its CRACKER BARREL trademark and reputation.  Such activities, if not declared unlawful and enjoined, will greatly injure the value of the CRACKER BARREL mark to Kraft and the ability of the CRACKER BARREL mark, as used in connection with food products sold through Retail Food Channels, to indicate goods emanating exclusively from Kraft.

39.     Kraft has no adequate remedy at law.

40.     Defendants have engaged in a course of conduct evidencing a definite intent and apparent ability to encroach on and infringe Kraft's rights in the CRACKER BARREL mark including (i) the execution of the License Agreement with John Morrell, a company with well-established means of distribution within Retail Food Channels, (ii) CBOCS' public investor calls in which CBOCS' CEO Sandy Cochran announced the business arrangement with John Morrell, (iii) CBOCS' SEC disclosure of its intent to license the CRACKER BARREL mark and expand its distribution of CRACKER BARREL branded product, (iv) extensive nationwide media coverage of the license arrangement between CBOCS and John Morrell, (v) CBOCS Properties' filing of the CBOCS Applications to register the CRACKER BARREL mark in connection with

the Licensed Goods, (vi) CBOCS' stated purpose of the License Agreement to offer for sale the

Licensed Products under the CRACKER BARREL mark through Retail Food Channels, and

(vii) on information and belief, Defendants' commencement of business activities towards

fulfilling the terms of the License Agreement.  As such, an actual case or controversy has arisen.

41.     If Defendants are allowed to bring the Licensed Products under the CRACKER

BARREL mark to market in Retail Food Channels before this matter can be adjudicated,

confusion will be caused and harm will result, including harm to third party retailers that will be

required to remove infringing product from the market.  Resolution of the issue now is in the best

interest of the parties and third parties, including licensee John Morrell and third-party retailers.

42.     In order to resolve the parties' dispute before Defendants bring the Licensed

Products to market, Kraft now brings this action for a declaratory judgment pursuant to 28

U.S.C. § 2201 seeking judicial declarations that use of the CRACKER BARREL mark in any

form in connection with Licensed Goods sold through Retail Food Channels would constitute (i)

infringement of Kraft's rights in the registered CRACKER BARREL mark, (ii) unfair

competition with Kraft and (iii) unfair competition and unfair business practices under Illinois

statutory and common law.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment
### (Trademark Infringement Under Section 32(1) of the Lanham Act)

43.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs

1 through 42 above as if fully set forth herein.

44.     Defendants' use and/or licensing use of the CRACKER BARREL mark in

connection with the Licensed Goods offered or to be offered for sale and/or sold in the Retail

Food Channels is likely to cause confusion, or to cause mistake or to deceive consumers and the

15

public as to the source or sponsorship of the Licensed Goods. Consumers are likely to be misled

into believing that such Licensed Products are manufactured, licensed, sponsored or otherwise

approved by Kraft. Such confusion is inevitable here where Defendants would be using and/or

licensing use of a mark that is identical or practically identical to Kraft's CRACKER BARREL

mark for use in connection with food products that are highly related and complementary to

Kraft's long-used CRACKER BARREL mark for cheese sold through channels of trade that are

identical to Kraft's channels of trade for its CRACKER BARREL food products.

45.     Upon information and belief, at the time the License Agreement was announced

and entered, Defendants were on both actual and constructive notice of Kraft's exclusive rights

in the CRACKER BARREL mark for products sold through Retail Food Channels. The License

Agreement, and the decision to expand use of the CRACKER BARREL mark encroaches on

Kraft's long-established rights in the retail space. Defendants' actions are in bad faith, with full

knowledge of Plaintiffs' prior use of, exclusive rights in and ownership of the CRACKER

BARREL mark in such trade channels, with full knowledge of the goodwill and reputation

associated with the CRACKER BARREL mark, and with full knowledge that Defendants have

no established right, license or authority to use or license use of the CRACKER BARREL mark

in connection with the Licensed Goods to be sold in Retail Food Channels.

46.     Defendants' actual and intended conduct will cause immediate and irreparable

injury to Kraft and will both damage Kraft and deceive the public unless such conduct is

enjoined by this Court. Kraft has no adequate remedy at law.

47.     An actual case and live controversy has arisen and currently exists between the

Parties as to whether use of the CRACKER BARREL mark in connection with the Licensed

Goods sold in Retail Food Channels, as licensed by Defendants, will constitute trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48.     Kraft seeks a judicial declaration that use of the CRACKER BARREL mark in connection with the Licensed Goods sold in Retail Food Channels, as licensed by Defendants, will constitute trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.     Pursuant to 28 U.S.C. § 2201, Kraft is entitled to a declaratory judgment that the CRACKER BARREL mark, if used in connection with the Licensed Goods sold in Retail Food Channels as licensed by Defendants, will constitute trademark infringement of Kraft's CRACKER BARREL trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment
### (Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act)

50.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 49 above as if fully set forth herein.

51.     Defendants' licensing and planned use of the CRACKER BARREL mark in connection with the Licensed Goods for sale in Retail Food Channels is contrary to the Parties' longstanding separation of businesses and trade channels, and is likely to cause consumers to believe that Defendants' Licensed Goods are sponsored by, associated with, authorized by, endorsed by, or otherwise connected with Kraft.

52.     The use of the CRACKER BARREL mark in connection with the Licensed Goods for sale in Retail Food Channels would constitute unfair competition.  As a result of Defendants' aforesaid conduct, the public is likely to believe that Defendants' Licensed Products

are affiliated, connected or associated with and/or authorized by Kraft when they are not, placing Kraft's reputation in Defendants' hands.

53.     By reason of the actual and intended wrongful acts of Defendants alleged herein, Kraft will suffer irreparable damage and the public will be deceived and harmed unless such acts are permanently enjoined by this Court.  Kraft has no adequate remedy at law.

54.     An actual case and live controversy has arisen and currently exists between the Parties as to whether use of the CRACKER BARREL mark in connection with the Licensed Goods sold in Retail Food Channels, as licensed by Defendants, will constitute unfair competition under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

55.     Kraft seeks a judicial declaration that use of the CRACKER BARREL mark in connection with the Licensed Goods sold in Retail Food Channels, as licensed by Defendants, will constitute unfair competition under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

56.     Pursuant to 28 U.S.C. § 2201, Kraft is entitled to a declaratory judgment that the CRACKER BARREL mark, if used in connection with the Licensed Goods sold in Retail Food Channels as licensed by Defendants, will constitute unfair competition under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

### THIRD CLAIM FOR RELIEF

### Unfair Competition and Unfair Business Practices Contrary to the State and Common Laws of the State of Illinois

57.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 56 as if fully set forth herein.

58.     By their planned acts alleged herein, Defendants intend to falsely misrepresent their Licensed Goods as being those of Kraft or as being otherwise associated with Kraft.  As such, Defendants are engaging in a course of unfair competition and deceptive trade practices in violation of the statutory (Uniform Deceptive Trade Practices Act, 815 ILCS § 510) and common law of the State of Illinois.

59.     If Defendants were to begin use or licensing use of the CRACKER BARREL mark in connection with the Licensed Goods sold in Retail Food Channels, it would create a likelihood of confusion with Kraft's food products under the CRACKER BARREL mark that have been sold though the identical trade channels for close to 60 years.

60.     By reason of the actual and intended wrongful acts of Defendants alleged herein, Kraft will suffer irreparable damage unless such acts are permanently enjoined by this Court. Kraft has no adequate remedy at law.

61.     An actual case and live controversy has arisen and currently exists between the Parties as to whether use of the CRACKER BARREL mark in connection with the Licensed Goods sold in Retail Food Channels, as licensed by Defendants, will constitute a violation of the Uniform Deceptive Trade Practices Act, 815 ILCS § 510 and the common law of the State of Illinois.

62.     Kraft seeks a judicial declaration that use of the CRACKER BARREL mark in connection with the Licensed Goods sold in Retail Food Channels, as licensed by Defendants, will constitute a violation of the Uniform Deceptive Trade Practices Act, 815 ILCS § 510 and the common law of the State of Illinois.

63.     Pursuant to 28 U.S.C. § 2201, Kraft is entitled to a declaratory judgment that the CRACKER BARREL mark, if used in connection with the Licensed Goods sold in Retail Food

Channels as licensed by Defendants, will constitute a violation of the Uniform Deceptive Trade Practices Act, 815 ILCS § 510 and the common law of the State of Illinois.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendants as follows:

1.      Declaring that Defendants' use and/or licensing third parties to use the CRACKER BARREL mark in connection with the Licensed Goods or any other food products offered for sale and/or sold through Retail Food Channels would constitute infringement of Kraft's registered CRACKER BARREL mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

2.      Declaring that Defendants' use and/or licensing third parties to use the CRACKER BARREL mark in connection with the Licensed Goods or any other food product offered for sale and/or sold through Retail Food Channels would constitute unfair competition with Kraft under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

3.      Declaring that Defendants' use and/or licensing third parties to use the CRACKER BARREL mark in connection with the Licensed Goods or any other food product offered for sale and/or sold through Retail Food Channels would constitute unlawful and deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act, 815 ILCS § 510 and the common law of the State of Illinois.

4.      Declaring that the License Agreement is void as violating Plaintiff's rights.

5.      Directing that each of Defendants individually and any of their officers, agents, privies, principals, directors, servants, attorneys, employees, any companies owned or controlled by any of the Defendants now or in the future, and each of their affiliates, successors and assigns,

and all of those in active concert or participation with any of them who receive notice directly or otherwise, be permanently enjoined and restrained from:

(a)     using, licensing or registering the CRACKER BARREL mark, or any mark that consists of or includes the term "Cracker Barrel" as a trademark or service mark in connection with the advertising, offering for sale or sale of the Licensed Goods or any other food product through any trade channels other than Defendants' own restaurants or website;

(b)     referring to or using any name or mark that includes "Cracker Barrel" in any advertising or promotion for any goods sold outside of Defendants' restaurants;

(c)     assisting any third party or requesting any third party to undertake the actions prohibited in subparagraphs (a) and (b) above.

6.     Directing that Defendants amend or otherwise modify the CBOCS Applications to indicate that the identified goods are sold only at Defendants' own stores or through Defendants' own website.

7.     Requiring that to the extent Defendants engage in national advertising, Defendants prominently include a disclaimer of affiliation with Kraft.

8.     Directing Defendants to file with the Court and serve upon Plaintiff's counsel within 30 days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the Court's order.

9.     Awarding Plaintiff its costs, disbursements, and attorneys' fees incurred in this matter, as provided by law, including 15 U.S.C. § 1117 and Uniform Deceptive Trade Practices Act, 815 ILCS § 510.

10.     Granting Plaintiff such other and further relief as the Court may deem just and proper to prevent the public from being deceived as to the relationship between Defendants and

Plaintiff and to prevent Defendants from misappropriating the reputation and goodwill of

Plaintiff and Plaintiff's CRACKER BARREL cheese products.

Dated: Chicago, Illinois
         January 31, 2013

JENNER & BLOCK

By: _/s/Dean N. Panos_____
    Dean N. Panos, Esq. (dpanos@jenner.com)
    Joseph A. Saltiel (jsaltiel@jenner.com)
    353 N. Clark Street
    Suite 3900
    Chicago, IL  60654
    Tel:  (312) 222-9350
    Fax:  (312) 527-0484

    *Attorneys for Plaintiff*
    *Kraft Foods Group Brands LLC*

*Of Counsel:*

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
Barbara A. Solomon, Esq. (bsolomon@fzlz.com)
Michael Chiappetta, Esq. (mc@fzlz.com)
866 United Nations Plaza
New York, NY 10017
Tel: (212) 813-5900
Fax: (212) 813-5901